■ In the Matter of IRVING ROSENBLUM et al., Respondents. ARKWIN INDUSTRIES, INC., Appellant.—In a proceeding pursuant to Business Corporation Law § 623 for an appraisal of the petitioners' stock, Arkwin Industries, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCabe, J.), dated December 1, 1988, as denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The principal issue in this case is whether the petitioners, minority shareholders in the appellant Arkwin Industries, Inc. (hereinafter Arkwin), who dissented to a merger of the corporation but failed to submit their stock certificates for notation pursuant to Business Corporation Law § 623 (f), were precluded from exercising their dissenters' rights where Arkwin

failed, within 45 days of the date the petitioners filed their notice of dissent, to exercise its option pursuant to that statute to terminate the dissenters' rights.

The court properly held that Arkwin, by failing to exercise its option to terminate the petitioners' dissenters' rights, is precluded from arguing that the petitioners are not entitled to have their shares appraised. The Business Corporation Law provides that "[a]ny shareholder of shares represented by certificates who fails to submit his certificates for such notation as herein specified shall, at the option of the corporation exercised by written notice to him within forty-five days from the date of filing of such notice of election to dissent, lose his dissenter's rights unless a court, for good cause shown, shall otherwise direct" (Business Corporation Law § 623 [f]). The petitioners concede that they failed to timely submit the certificates. However, Arkwin's failure to exercise its option to terminate the petitioners' dissenters' rights within 45 days from the time it received notice of the petitioners' objection to the merger precludes it from refusing the petitioners their dissenters' rights.

Arkwin is incorrect in its assertion that the petitioners, by failing to demonstrate good cause for their delay in submitting their certificates for notation, were precluded from obtaining dissenters' rights. A reading of Business Corporation Law § 623 (f) indicates that a shareholder need only demonstrate "good cause" to reinstate his or her dissenter's rights after they have been vitiated by a corporation's exercise of the option provided for in the statute.

We have reviewed the parties' remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Eiber and Harwood, JJ., concur.